**Richard E. Anderson**
**AZ Bar No. 031889**
**4920 Westport Drive**
**The Colony, Texas 75056**
**Tel. (214) 276-1545**
**Fax. (214) 276-1546**
**RAnderson@AndersonVela.com**
**ANDERSON VELA, LLP**
**Attorney for Creditor**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| In re: | CHAPTER 11 |
| WCCM GROUP, LLC | CASE NO. 24-05598 |
| Debtor. | **OBJECTION TO FIRST AMENDED CHAPTER 11 PLAN** |
| U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of PRP 2022-INV1 Trust | RE: Properties, *(Claim #7)* *2329 W. Carter Rd., Phoenix, AZ 85041* *1728 W. Minton St., Phoenix, AZ 85041* *218 E. Milada Dr., Phoenix, AZ 85042* *7437 S. 19th St., Phoenix, AZ 85042* |
| Secured Creditor, | |
| vs. | |
| WCCM Group, LLC, Debtor; | |
| Respondents. | |

U.S. Bank Trust Company, National Association, not in its individual capacity but solely as Trustee on behalf of PRP 2022-INV1 Trust ("Secured Creditor"), by its attorneys, Anderson Vela, LLP, hereby files its objection to Debtor's First Amended Plan of Reorganization Dated December 10, 2024 ("Amended Chapter 11 Plan") filed by the Debtor for the following reasons:

*OBJECTION TO DEBTOR'S CHAPTER 11 PLAN*                     *1*

1. The Amended Chapter 11 Plan does not adequately provide for payment to Secured Creditor pursuant to the Proof of Claim #7 filed on August 29, 2024, in the amount of $1,123,062.09 with pre-petition arrears in the amount of $22,794.22. Secured Creditor is the owner and holder of a Promissory Note, dated January 3, 2022, in the original principal amount of $1,147,500.00 ("Note"), executed by Debtor, which is secured by that certain Deed of Trust, dated January 3, 2022, and recorded in the Official Records of Maricopa County, Arizona under Instrument No. 20220012911 ("Deed of Trust").

2. The proposed rate of 5% fails to account for the risk of default and does not reflect a market-based rate consistent with Supreme Court precedent in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), which Secured Creditor asserts should be at 9.00%.

3. The Debtor has not demonstrated that the proposed payment schedule is feasible under 11 U.S.C. §1129(a)(11). Specifically, the proposed monthly payment of $4,500.00 is insufficient to adequately compensate the Secured Creditor for the risk associated with the extended repayment term. The proposed monthly payment of $4,500.00 is less than the ongoing monthly payment amount listed in Secured Creditor's Claim # 7 of $7,202.52, which includes escrow for taxes and insurance of $1,042.49. In addition, by imposing below-market interest rates and extending the repayment period beyond industry norms, the Plan shifts an undue burden onto the Secured Creditor while benefiting the Debtor. It should also be noted that the Deed of Trust provides for an assignment of rents, accordingly, Secured Creditor has right to all rental income relating to the Properties, which equals more than $4,500.00 a month.

4. The proposed plan offers that Debtor reserves the right to sell any of the Properties under Claim #7 without penalty for a release price of $325,000.00 per property. The proposed plan does not provide any evidence of actions taken towards the sale of the Properties nor any time frame in which sales are to close. Additionally, the suggested release price of $325,000.00 per property is arbitrary and is below the listed values of the Properties in Debtor's own Schedules. The proposed sale of the Properties is for a price that is significantly below their fair market values as set forth in Debtor's own plan. This undervaluation undermines the estate's obligation to maximize value for creditors and other stakeholders. The Debtor's proposed sale price does not reflect current market conditions or potential competitive bids that could yield a higher return for creditors. Furthermore, Secured Creditor is entitled to all net proceeds from the sale of each property until the Note is paid in full, which equals more than $325,000.00 for each property.

5. The Debtor, as a fiduciary, has an obligation to act in the best interest of the estate and its creditors. Selling the Property below fair market value constitutes a breach of this duty and is not in the best interests of the creditors.

6. The undervalued sale of the Property affects the feasibility of the Plan by failing to generate sufficient funds to satisfy claims.

7. Secured Creditor objects to the proposed sale of any of the properties under Claim #7 that are not approved by the Secured Creditor as to the release price of that property which shall be the entirety of the net proceeds of the sale of the property, minus appropriate closing costs and commissions. Additionally, Debtor must provide a closing date and a specific time for the sale of any of the properties under Secured Creditor's Claim #7. The Secured Creditor further requests

*OBJECTION TO DEBTOR'S CHAPTER 11 PLAN* 3

that the Debtor pay and be held responsible for taxes and insurance during the time up to the sale of the Properties.

WHEREFORE, Secured Creditor prays that the confirmation of the proposed Chapter 11 Plan be denied, for attorney's fees and costs incurred herein, and fur such other and further relief as this Court deems just and proper.

DATED this 5th of February, 2025

    Respectfully submitted,

    **ANDERSON VELA, L.L.P.**
    4920 Westport Drive
    The Colony, Texas 75056
    214.276.1545 - Telephone
    214.276.1546 - Fax
    Email: randerson@AndersonVela.com
    **ATTORNEYS FOR CREDITOR**

    By: /s/ Richard Anderson
        RICHARD E. ANDERSON
        State Bar No. 031889

*OBJECTION TO DEBTOR'S CHAPTER 11 PLAN*     *4*

Case 2:24-bk-05598-BKM   Doc 50   Filed 02/05/25   Entered 02/05/25 10:05:53   Desc
Main Document     Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the 5th of February, 2025. Said document was filed electronically. Service was accomplished by the method and to the following as indicated.

By: /s/ Richard Anderson
RICHARD E. ANDERSON
State Bar No. 031889
4920 Westport Drive
The Colony, Texas 75056
Email: randerson@AndersonVela.com

BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL, POSTAGE PREPAID:

DEBTOR
WCCM Group, LLC
PO Box 91115
Phoenix, AZ 85066

DEBTOR'S ATTORNEY
Katherine E. Anderson
Katherine Anderson Law PLLC
7508 N. 59th Avenue
Glendale, AZ 85301
520-256-5563

TRUSTEE
Michael Warren Carmel
80 E. Columbus Avenue,
Phoenix, AZ 85012

U.S. TRUSTEE
US Trustee - Phoenix
230 North First Avenue, Suite 204,
Phoenix, AZ 85003

CREDITOR ATTORNEY

/s/ Richard E. Anderson
RICHARD E. ANDERSON

*OBJECTION TO DEBTOR'S CHAPTER 11 PLAN* 5