1  ILENE J. LASHINSKY (#003073)
   United States Trustee
2  District of Arizona

3  PATTY CHAN (#027115)
   Trial Attorney
4  230 N. First Ave., Suite 204
   Phoenix, Arizona 85003-1706
5  E-Mail: patty.chan@usdoj.gov
   Phone: (602) 682-2633
6  FAX:   (602) 514-7270

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

WCCM GROUP, LLC,

        Debtor.

In Proceedings under Chapter 11

Case No. 2:24-bk-05598-BKM

**UNITED STATES TRUSTEE'S *LIMITED* OBJECTION TO THE DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED DECEMBER 10, 2024**

Hearing Date: February 13, 2025
Time: 1:30 p.m.
Location: Courtroom #701
230 N. First Ave.
Phoenix, AZ

      The United States Trustee for the District of Arizona (the "**UST**") hereby files her *limited objection* to the above captioned debtor's ("**Debtor**") *First Amended Plan of Reorganization dated December 10, 2024* ("**Plan**"). ECF No. 41. The UST's Limited Objection is supported by the entire record before the Court in this case and the below Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION, VENUE, AND STANDING**

      1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(a) and (b)(2).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to 11 U.S.C. § 307, the "United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to § 11121(c) of this title." *In re Donovan Corp.*, 215 F.3d 929, 930 (9th Cir. 2000) (holding "[t]he United States trustee "may also intervene and appear at any level of the proceedings from the bankruptcy court on, 11 U.S.C. § 307, as either a party or an amicus"). Under 28 U.S.C. § 586, the UST is charged with "monitoring the progress of cases under Title 11," including "supervise the administration of cases . . . in cases under chapter . . . 11 (including subchapter V of chapter 11) of title 11 . . . ." Title 28 U.S.C. § 586(a)(3).[1]

## II. RELEVANT FACTS

4. Debtor filed a voluntary chapter 11 petition (the "**Petition**") under the Bankruptcy Code (the "**Bankruptcy Case**") on July 11, 2024 (the "**Petition Date**"). ECF No. 1.

5. Michael Warren Carmel was appointed and continues to serve as the subchapter V trustee (the "**Subchapter V Trustee**"). ECF No. 7.

6. Debtor's meeting of creditors pursuant to § 341(a) ("**341 Meeting**") was held on August 13, 2024 and continued various times until it was concluded on October 24, 2024.

7. On October 9, 2024, Debtor filed its subchapter V plan of reorganization, which was amended on December 10, 2024 ("**Plan**"). ECF Nos. 32 and 41, respectively.

8. Since Petition Date and despite multiple reminders from the UST, Debtor has yet to file any monthly operating reports (now delinquent for the periods of July 2024 – January 2025).

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the Bankruptcy Code (the "**Bankruptcy Code**"), 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure (the "**Rules**"), Rules 1001-9037, and to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Arizona (the "**Local Rules**").

## III. ANALYSIS

In order for Debtor's Plan to be confirmed, it must satisfy all the requirements of § 1129. *In re Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 653 (9th Cir. 1997) (citing *In re L&J Anaheim Assoc.*, 995 F.2d 940, 942 (9th Cir. 1993). The plan proponent bears the burden of proof by a preponderance of the evidence under §§ 1129(a) and (b). *Ambanc,* 115 F.3d at 653; *In re Arnold & Baker Farms,* 117 B.R. 648, 654 (B.A.P. 9th Cir. 1994); *In re Bashas' Inc.*, 437 B.R. 874, 902 (Bankr. D. Ariz. 2010). Before the Debtor's Plan is confirmed, all requirements of § 1129(a) must be met. *In re Curiel*, 651 B.R. 548, 560 (B.A.P. 9th Cir. 2023), *appeal dismissed*, No. 23-60039, 2023 WL 11887031 (9th Cir. Aug. 17, 2023), and *appeal dismissed*, No. 23-60038, 2023 WL 11887032 (9th Cir. Aug. 18, 2023).

### 1. **ARTICLE VI.   MEANS OF EFFECTUATING THE PLAN.**

Debtor must prove that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial organization." § 1129(a)(11). Feasibility is critical, if not "the most important element, of § 1129(a)." *In re Bashas*, 437 B.R. at 915. A plan is feasible under § 1129(a)(1), if "the plan proponent demonstrates that the plan 'has a reasonable probably of success.'" *Curiel*, 651 B.R. at 560. As explained by the Ninth Circuit Court of Appeals (the "**Ninth Circuit**"), the feasibility requirement "is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *Id*. at 560 (*citing Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.)*, 761 F.2d 1374, 1382 (9th Cir. 1985) (quoting 5 Collier Bankruptcy ¶ 1129.02[11] (15th ed. 1984))). "The mere fact that the bare numbers in the income and expense projections provided in the plan demonstrate an apparent surplus to adequately fund the plan is not enough to meet the burden on feasibility." Curiel, 651 B.R. at 563.

Case 2:24-bk-05598-BKM   Doc 51   Filed 02/06/25   Entered 02/06/25 15:06:37   Desc
Main Document     Page 3 of 5

In the Plan, Debtor states that after the Effective Date, Debtor plans to list three properties for sale: the 19th Street Property ("**19th Street**"), the Minton Property ("**Minton**"), and the Milada Property ("**Milada**") (collectively, the "**Properties**"). Plan, p. 17., at lines 16-18. Debtor states that these sales will consummate after a 90-to-180-day exposure period. *Id.* Attached to the Plan is **Exhibit 1 –** *Plan Projections* ("**Projections**") (Plan, pp .24-35). In the Projections, Debtor anticipates that the sale of 19th Street will generate net income of $373,520, the sale of Minton $377,200, and the sale of Milada $375,360. Projections, p. 25.

More information is needed as to how Debtor intends to market and sell the properties; and what happens if Debtor is unable to meet its intended sale price and/or sales do not consummate within the expected exposure period. Debtor also has to provide how it calculated the net income to be generated from the sales, since Debtor's schedules originally valued 19th Street at $406,00, Minton at $410,000, and Milada at $408,000 (ECF No. 7, Schedules, p. 7);

Debtor is also delinquent in the filing of six (6) monthly operating reports in violation of §§ 1129(a)(1) and (a)(2) and § 1112(b)(4)(F). These reports are for the benefit of creditors to determine whether the Debtor's rentals are cash flowing and the Projections reasonable.

WHEREFORE, the UST respectfully requests that the Court not confirm Debtor's Plan until the above items are addressed.

RESPECTFULLY SUBMITTED this 6th day of February, 2025.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona

        /s/ PC (#027115)
        PATTY CHAN
        Trial Attorney

- 4 -

Case 2:24-bk-05598-BKM    Doc 51    Filed 02/06/25    Entered 02/06/25 15:06:37    Desc
Main Document    Page 4 of 5

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Copies of the foregoing e-mailed on February 6, 2025 to: |
| 4 | |
| 5 | KATHERINE E. ANDERSON<br>Katherine Anderson Law PLLC<br>7508 N. 59th Avenue |
| 6 | Glendale, AZ 85301<br>Email: katey@katherineandersonlaw.com |
| 7 | Debtor's Counsel |
| 8 | MICHAEL W. CARMEL<br>MICHAEL W. CARMEL, LTD. |
| 9 | 80 E. COLUMBUS AVE<br>PHOENIX, AZ 85012-4965 |
| 10 | Email: michael@mcarmellaw.com<br>Subchapter V Trustee |
| 11 | |
| 12 | Richard E. Anderson<br>ANDERSON VELA, LLP |
| 13 | 4920 Westport Drive<br>The Colony, Texas 75056 |
| 14 | RAnderson@AndersonVela.com<br>Attorney for Creditor U.S. Bank Trust Company, National Association<br>Trustee on behalf of PRP 2022-INV1 Trust |
| 15 | |
| 16 | _____ |