*TERRY A. DAKE, LTD.*
P.O. Box 9134
Phoenix, Arizona 85068-9134
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: ) | In Chapter 7 Proceedings |
| ) | |
| WCCM GROUP, LLC ) | Case No. 2:24-bk-05598-BKM |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DAWN MARIE MAGUIRE, ) | |
| TRUSTEE, ) | **Adversary No. 2:26-ap-00xxx** |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CARTER AND BARNES GROUP, LLC; ) | |
| EMMY MONTES; ) | |
| WARREN MAXEY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**COMPLAINT**

**GENERAL ALLEGATIONS**

Dawn Marie Maguire ("Maguire"), as trustee of the bankruptcy estate of WCCM GROUP, LLC, for her Complaint, says as follows:

1. Maguire is the duly appointed trustee of the bankruptcy estate of WCCM Group, LLC ("WCCM" or "debtor"), Bankruptcy Case No. 2:24-BK-05598-BKM.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2). This is a core proceeding.

3. This bankruptcy case was filed as a voluntary proceeding under Subchapter V on July 11, 2024 and converted to Chapter 7 on July 7, 2026.

4. Emmy Montes ("Montes") signed the petition commencing the bankruptcy case (DE 1) as an "authorized representative of the debtor."

5. Montes signed the Schedules and Statement Of Financial Affairs (DE 16) as the "Manager" of WCCM.

6. The plan filed by the debtor (DE 32, p. 10) identifies Warren Maxey ("Maxey") as the "principal" of WCCM.

7. Monthly operating reports filed in the bankruptcy, (e.g. DE 68), identify Maxey as the "responsible party" and "member" of WCCM and were signed by Maxey.

8. Maxey signed and filed a declaration in the bankruptcy case (DE 44) as the "member" of WCCM.

9. On December 10, 2024, WCCM filed an amended plan (the "Amended Plan"). DE 41. The Amended Plan at p. 5 said that WCCM would "pay all claims in full over time", "will make plan payments from the rental income generated by debtor's properties" and "will sell certain properties to pay all claims in full."

10. On June 3, 2025, the Court entered an order (DE 89) approving WCCM's Amended Plan (the "Order").

11. The Order provided that all general unsecured creditors would be paid in full with interest at 4.11% not later than June 18, 2026. DE 89, ¶12. Those payments have not been made.

12. The Order provided that WCCM shall prepare and file quarterly post-confirmation reports and that the case shall remain open

2

until all payments are made. DE 89, ¶14. No such reports have been filed.

13. The Order provided that, no later than 10 days after the sale of any of the Arizona properties owned by WCCM, an amount sufficient to pay one-third of the unsecured creditors would be deposited with the Subchapter V trustee. DE 89, ¶15.

14. Although WCCM owned and then sold the property at 7437 S. 19th St., Phoenix, AZ on May 20, 2026, no money was deposited with the Subchapter V trustee.

15. On September 17, 2025, WCCM closed its authorized debtor-in-possession account at Axos Bank. As of the date of this Complaint, the trustee has been unable to locate any new accounts in the name of WCCM and does not believe that any such accounts have been opened. As a result, the trustee believes that money due to WCCM has been wrongfully diverted into other accounts owned and/or controlled by Maxey and/or Montes.

16. On April 30, 2026, Montes, acting as the "managing member" of WCCM signed a deed transferring the property owned by WCCM commonly known as 7345 West Wigwam Avenue, Las Vegas, NV (the "NV Property") from WCCM to Carter and Barnes Group, LLC (the "Nevada Deed").

17. The State Of Nevada Declaration Of Value Form that was recorded with the Nevada Deed stated that the sales price for the property was "0" and that the transfer was "between entities with identical common ownership."

3

18. The records of the Arizona Corporation Commission reflect that Maxey is the only member of WCCM.

19. The records of the State of Nevada reflect that the members and managers of Carter and Barnes Group, LLC ("CBG") are Montes and Maxey.

20. Nothing in the Order or the Amended Plan authorized Montes and/or Maxey to give away the NV Property for no consideration.

21. The debts owed to the creditors of the WCCM bankruptcy case total not less than $1,896,914.32, plus accrued and accruing interest.

22. The NV Property that was transferred to CBG is currently listed for sale for $1,369,000.00.

**COUNT I**

23. The trustee repeats and realleges paragraphs 1 through 22 as though more fully set forth herein.

24. Montes and Maxey owed fiduciary duties to WCCM and to creditors to carry out the Amended Plan and the Order.

25. Montes and Maxey breached their fiduciary duties in failing to carry out the requirements of the Amended Plan and the Order.

26. Montes and Maxey breached their fiduciary duties in transferring the NV Property to CBG for no consideration and in violation of the Amended Plan and the Order.

27. The misconduct of Montes and Maxey has damaged the bankruptcy estate in an amount not less than $1,896,914.32, the amount owed to creditors.

4

28. The misconduct of Montes and Maxey has damaged the bankruptcy estate in an amount not less than $1,369,000.00, the value of the NV property which was given away to CBG.

**WHEREFORE**, the trustee prays for a judgment against Montes and Maxey in an amount not less than $3,265,914.32 along with interest at the federal district court judgment rate until paid in full, along with costs and attorneys fees.

<strong>COUNT II</strong>

29. The trustee repeats and realleges paragraphs 1 through 22 as though more fully set forth herein.

30. The legal description for the NV Property that was transferred to CBG is:

> APN: 176-15-701-001
>
> The portion of the Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) of Section 15, Township 22 South, Range 60 East, M.D.M. More Particularly Described as:
>
> Lot One (1) of the Certain Parcel Map In File 64, Page 30 and Recorded April 9, 1990 in Book 900409 as Document No. 00661 in the Office Of the County Recorder of Clark County, NV.
>
> Excepting therefrom and together with a right of way and easement for roadway and utility purposes with the right of ingress and egress, over under and across and upon that certain parcel of land

5

delineated "Private Drive And P.U.S. on said Parcel Map.

31. The transfer of the NV Property to CBG was not authorized by the Bankruptcy Court or by the Bankruptcy Code.

32. The transfer of the NV Property to CBG is avoidable pursuant to 11 U.S.C. §549.

**WHEREFORE**, the trustee prays:

A. For the entry of an order avoiding the transfer of the NV Property to CBG pursuant to 11 U.S.C. §549 and vesting title to the NV Property in the bankruptcy estate.

B. In the alternative, for a money judgment against CBG in an amount not less than $1,369,000.00 along with along with interest at the federal district court judgment rate until paid in full, along with costs and attorneys fees.

**COUNT III**

32. The trustee repeats and realleges paragraphs 1 through 22 and 30 as though more fully set forth herein.

33. CBG provided no consideration to WCCM for the transfer of the NV Property from WCCM to CBG.

34. CBH was unjustly enriched by the transfer of the NV Property from WCCM to CBG.

**WHEREFORE**, the trustee prays:

A. For a money judgment against CBG in an amount not less than $1,369,000.00 along with along with interest at the federal district court judgment rate until paid in full, along with costs and attorneys fees.

6

DATED July 14, 2026.

**TERRY A. DAKE, LTD.**

By /s/ TD009656
    Terry A. Dake – 009656
    P.O. Box 9134
    Phoenix, Arizona 85068-6945
    Attorney for Trustee

7

COPY emailed July 14, 2026 to:

Jonathan P. Ibsen, Esq.
**CANTERBURY LAW GROUP, LLP**
14300 North Northsight Boulevard, Suite 115
Scottsdale, Arizona 85260
(480) 744-7711
Arizona State Bar Number 023284
E-mail: jibsen@clgaz.com
Attorney for Scott and Renee Burke


 /s/ TD009656

8